UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GREEN,<br><br>    Petitioner,<br><br>v.<br><br>STU SHERMAN,<br><br>    Respondent. | Case No. EDCV 17-1048 SVW(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED |

## I. SUMMARY

On May 21, 2017, petitioner David Cummings signed and is deemed to have constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] The Petition challenges petitioner's 2011 conviction in San Bernardino County Superior Court on multiple grounds.

///
///
///

---

[1] Petitioner concurrently submitted an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

1

Based upon the current record, including public court records of which this Court has taken judicial notice,[2] and for the reasons discussed below, the Court orders petitioner to show cause why the Petition and this action should not be dismissed as time-barred.

## II. BACKGROUND

On August 10, 2011, in Case No. FSB1102089, a San Bernardino County Superior Court ("SBSC") jury found petitioner guilty of first degree murder (count 1) and being a felon in possession of a firearm (count 2). The jury also made true findings on associated enhancements. On September 20, 2011, the trial court sentenced petitioner to life without the possibility of parole, plus 25 years to life in state prison.

On March 13, 2013, in Case No. E054565, the California Court of Appeal remanded to the trial court with directions to strike a parole revocation fine from the sentencing minute order and abstract of judgment and otherwise affirmed the judgment in all respects. On June 19, 2013, in Case No. S210199, the California Supreme Court denied review without comment. The record does not reflect that petitioner sought relief from the United States Supreme Court.

On July 14, 2014, petitioner signed a request for an extension of time to file a federal petition for writ of habeas corpus ("Extension Request") which was formally filed on July 23, 2014 in the Central District of California and initiated the Prior Federal Action. The Letter Request – which was not accompanied by a

---

[2]The Court takes judicial notice of court records in a prior federal action filed by petitioner in the Central District of California – Matthew Green v. M.D. Biter, Case No. 5:14-cv-01514-SVW-JC ("Prior Federal Action") and of the public dockets of the California Court of Appeal, Fourth Appellate District ("Court of Appeal") and the California Supreme Court in the following cases, available via http://appellatecases.courtinfo.ca.gov: (1) The People v. Matthew Green, Court of Appeal Case No. E054565; and (2) People v. Green, California Supreme Court Case No. S210199. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

petition for writ of habeas corpus and did not identify any claims petitioner wished to raise – acknowledged that the California Supreme Court had denied his petition for review on June 19, 2013, and asked the federal court to afford him a 45-day extension of his deadline to file a federal petition for writ of habeas corpus. The Letter Request was accompanied by petitioner's counsel's letter to petitioner which, among other things, attached a file-stamped copy of the California Supreme Court's June 19, 2013 denial of petitioner's petition for review and advised petitioner that if he wanted to file a federal habeas petition, he must do so within one year after such denial. On July 29, 2014, the assigned District Judge summarily dismissed the Prior Federal Action without prejudice for lack of jurisdiction, explaining that because petitioner had not actually filed a federal petition for writ of habeas corpus, there was no case or controversy before the Court so as to afford it jurisdiction, but that if petitioner actually filed such a petition, the Court could then entertain an argument that such petition is or should be deemed timely. Judgment was entered accordingly on July 31, 2014. Petitioner did not appeal.

As noted above, petitioner constructively filed the instant federal Petition on May 21, 2017.

### III. DISCUSSION

Federal courts are permitted to consider, sua sponte, the timeliness of a state prisoner's habeas petition. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). A court must, however, accord the prisoner fair notice and an opportunity to present his position before taking any action on that basis. Day, 547 U.S. at 210; Herbst, 260 F.3d at 1043.

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. In this case, it appears that the statute of limitations on all of petitioner's claims ran from the date on which the judgment in petitioner's case became final on direct review – September 17, 2013 – ninety (90) days after the California Supreme Court denied review on direct appeal (on June 19, 2013) – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citation omitted). Based on the foregoing, the statute of limitations commenced running on September 18, 2013, and, absent tolling, expired a year later on September 17, 2014.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011). The statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case pending during that interval. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citations omitted).

Nor is the statute of limitations tolled during the pendency of a federal petition for writ of habeas corpus. Duncan v. Walker, 533 U.S. 167, 172 (2001). On the current record – including matters as to which the Court has taken judicial notice – it does not appear that there is any basis to afford petitioner statutory tolling because he did not seek post-conviction relief in the state courts. The statute of limitations was not tolled during the pendency of the Prior Federal Action. Cf. Duncan v. Walker, 533 U.S. at 172.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). To date, it does not appear from the Petition or the current record that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938

(internal quotations omitted; citing <u>House v. Bell</u>, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" <u>House</u>, 547 U.S. at 538 (quoting <u>Schlup</u>, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." <u>Perkins</u>, 133 S. Ct. at 1928, 1935; <u>Schlup</u>, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, it appears, based upon current record, that this action – which was constructively filed on May 21, 2017, nearly three years after the statute of limitations expired on September 17, 2014 – is time-barred.

## IV. ORDER

In light of the foregoing, petitioner is ORDERED TO SHOW CAUSE by not later than **June 15, 2017** why the Petition and this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of the Petition and this action with prejudice based upon petitioner's claims being time-barred or

///

///

///

dismissal of this action with or without prejudice based upon petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.

IT IS SO ORDERED.[3]

DATED: May 25, 2017

                                                /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

---

[3]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.

7